UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14003-T/P-MOORE/MAYNARD

**UNITED STATES OF AMERICA,**

 Plaintiff,

v.

**JAMES ANTHONY SAVAGE,**

 Defendant.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSIONS TO VIOLATION NUMBERS 1, 2, 4, 6, 8, 10, 11, 12 AND 13**

**THIS CAUSE** having come before the Court on the pending Petition for Offender under Supervision ("Petition"), and this Court having convened a hearing, now recommends to the District Court as follows:

 1. The Defendant appeared before this Court on August 14, 2020 for a hearing on the Petition, which alleges fourteen violations of supervised release.  The hearing was convened via videoconference on the Zoom platform.

 2. At the hearing's outset, the Court advised the Defendant of his right to appear in person for the proceeding.  The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference.  Defendant signed a written Consent to Appear by Videoconference Form that will be filed in the record in this case.  Having discussed the matter with the Defendant, the Court finds that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary.  The Court also finds, pursuant to the CARES Act,

H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

3. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violation Numbers 1, 2, 4, 6, 8, 10, 11, 12 and 13 as set forth in the Petition. The government agreed to seek dismissal of the remaining violations at sentencing.

4. Defendant admitted the following violations:

**Violation Number 1** — **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer. On March 10, 2020, the defendant was questioned regarding multiple money deposits made from a Venmo account into his TD Bank checking account ending in 4563, and he stated the deposits were made by a friend, when in fact, evidence and statements made by the defendant indicate this to be false.

**Violation Number 2** — **Violation of Special Condition**, by failing to provide all requested financial information, including disclosure of all personal finances, to the U.S. Probation Officer. On January 24, 2020, the defendant was instructed to provide all financial documents, to include bank statements, to the U.S. Probation Officer, and he failed to provide account statements for his Venmo, PayPal and Cash App accounts.

**Violation Number 4** — **Violation of Standard Condition**, by leaving the judicial district without first securing the permission of the probation officer. On or about April 30, 2020, the defendant traveled to Chicago, Illinois, without securing the permission of the probation officer, as evidenced by, a flight confirmation and a hotel receipt.

**Violation Number 6** — **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about April 30, 2020, in Miami, Florida, the defendant did commit Entry by false pretenses to any real property, vessel, or aircraft of the United States or secure area of any airport or seaport, contrary to 18 U.S.C. § 1036(a)(4).

**Violation Number 8** — **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about May 3, 2020, in Chicago, Illinois, the defendant did commit Entry by false

pretenses to any real property, vessel, or aircraft of the United States or secure area of any airport or seaport, contrary to 18 U.S.C. § 1036(a)(4).

**Violation Number 10**    **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. On May 5, 2020, the defendant was instructed to provide a receipt book used to track tips when working, a Florida driver license in the name Mario Racanelli, proof of income, and information on side jobs he completed, and to date, he has failed to do so.

**Violation Number 11**    **Violation of Standard Condition**, by failing to submit a truthful and complete written monthly report. The defendant's August through December 2019 Monthly Supervision Reports contained false information regarding his monthly income when in fact evidence and statements, to include bank and money account statements, indicate this to be false.

**Violation Number 12**    **Violation of Standard Condition**, by failing to submit a truthful and complete written monthly report. The defendant's February 2020 Monthly Supervision Report contained false information regarding his monthly income when in fact evidence and statements, to include his Venmo account statement, divorce agreement, and statements made by Ms. Landgren, indicate this to be false.

**Violation Number 13**    **Violation of Standard Condition**, by failing submit a truthful and complete written monthly report. The defendant's December 2019 through May 2020 Monthly Supervision Reports contained false information regarding monthly expenses, in relation to loan payments for a 2019 Cadillac Escalade, when in fact, evidence and statements, including a divorce agreement, indicate this to be false.

5.    The Court questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on Violation Numbers 1, 2, 4, 6, 8, 10, 11, 12 and 13. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

6. The Government verbally proffered a factual basis for the admissions into the record. After listening to the Government's proffer, the Defendant acknowledged that he completely understands the factual proffer and agrees that it accurately set forth the facts in his case as he understands them to be. He agreed that the government could prove those facts against him were a hearing to be held in this matter. This Court finds that the facts proffered by the Government establish a sufficient basis to support Defendant's admissions to Violation Numbers 1, 2, 4, 6, 8, 10, 11, 12 and 13.

7. The possible maximum penalties faced by the Defendant were read into the record by the government, and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, this Court recommends to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release in respect to Violation Numbers 1, 2, 4, 6, 8, 10, 11, 12 and 13, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the Chief United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 18th day of August, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE