UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-TP-14003-MOORE

UNITED STATES OF AMERICA,

vs.

JAMES ANTHONY SAVAGE,

    Defendant.
_____/

### JUDGMENT FOR REVOCATION

THIS CAUSE came before the Court for a hearing on November 19, 2020, on seventeen (17) violations of supervised release.

The Court has carefully considered the statements of all parties and the information contained in the violation report. The Court finds that the defendant has violated the terms and conditions of supervised release and hereby REVOKES the period of supervised release. It is

ORDERED AND ADJUDGED that the defendant is committed to the custody of the United States Bureau of Prisons for a term of six (6) months. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of six (6) months.

The defendant shall surrender to the U.S. Marshal for this district or the designated institution by 12:00 noon on or before 1/4/2021.

While on supervised release, the defendant shall not commit any Federal, State, or local crime; shall be prohibited from possessing a firearm or other dangerous device; and shall not possess a controlled substance. In addition, the defendant shall comply with the standard conditions of supervised release that have been adopted by this Court and the following special conditions:

**Self-Employment Restriction**: The defendant shall obtain prior written approval from the Court before entering in to any self-employment.

**Employment Restriction:** The defendant shall not be engaged in any business that offers securities, investments, or business opportunities to the public. The defendant is further prohibited from engaging in telemarketing, direct mail, or national advertising campaigns for business purposes, without the written permission of the Court.

**Related Concern Restriction:** The defendant shall not own, operate, act as a consultant, be employed in, or participate in any manner, in any related concerns during the period of supervision.

**No New Debt Restriction:** The defendant shall not apply for, solicit or incur any further debt, including but not limited to loans, lines of credit or credit card charges, either as a principal or co-signer, as an individual or through any corporate entity, without first obtaining written permission from the Court.

**Financial Disclosure Requirement:** The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**Search Condition:** The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Office.

**Permissible Computer Examination:** The defendant shall submit to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer(s) equipment which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use.

**Data Encryption Restriction:** The defendant shall not possess or use any data encryption technique or program.

**Re-imposing Restitution:** The defendant shall pay restitution in the amount of $5,065,787.06. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the Court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations. The restitution shall be made payable to the Clerk, United States Court, and forwarded to: Clerk of Court, United States District Court, Middle District of North Carolina, P.O. Box 2708, Greensboro, North Carolina 27402.

DONE AND ORDERED in Chambers, at Miami, Florida, this 19th day of November, 2020.

_____
**K. MICHAEL MOORE**
**CHIEF UNITED STATES DISTRICT JUDGE**