UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:20-tp-14003-KMM-1

UNITED STATES OF AMERICA,

v.

JAMES ANTHONY SAVAGE,

    Defendant.
_____/

**ORDER**

THIS CAUSE came before the Court upon Defendant James Anthony Savage's (1) ("Defendant") Motion for Compassionate Release Based on 18 U.S.C. § 3582(c)(1)(A)(i). ("Mot.") (ECF No. 43). Therein, Defendant requests that the Court order his release from prison due to health concerns. *See generally id.* The Government filed a response in opposition. ("Resp.") (ECF No. 46). Defendant did not file a Reply. Motion is now ripe for review.

On August 14, 2020, Defendant admitted to nine separate violations of his supervised release. (ECF No. 14). On November 19, 2013, the Court revoked Defendant's supervised release and sentenced him to six months' imprisonment, followed by six months of supervised release. (ECF No. 46).

Now, Defendant moves the Court to order his release from prison due health concerns. *See generally* Mot. Specifically, Defendant states that he is not receiving adequate medical attention relating to "the hardware which re-created his penis," such as testosterone treatment. *Id.* at 2. Defendant contends that without this treatment, his gentiles substantially shrink in size and may require "significant work to repair to including future surgery." *Id.*

Generally, once a term of imprisonment has been imposed, a court may not modify it. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). However, a defendant may move for compassionate release pursuant to § 3582(c)(1)(A). "[T]he defendant bears the burden of establishing that compassionate release is warranted." *United States v. Rodriquez-Orejuela*, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020) (citation and internal quotation marks omitted).

A court may grant a motion for compassionate release upon a finding that there are extraordinary and compelling reasons for release that are "consistent with applicable policy statements issued by the [United States] Sentencing Commission." *See id.* Section 3582(c)(1)(A) also requires a court "to consider the factors set forth in [§] 3553(a) to the extent they are applicable." *Id.* The applicable § 3553(a) factors include, among other things, "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." § 3553(a). The applicable policy statement issued by the Sentencing Commission is found in U.S.S.G. § 1B1.13. It provides that a court may reduce a term of imprisonment if "(1) extraordinary and compelling reasons warrant the reduction;" "(2) the defendant is not a danger to the safety of any other person or to the community;" and "(3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The commentary to the policy statement provides that the standard for extraordinary and compelling reasons is met when an inmate suffers from one of three types of medical conditions. *Id.* § 1B1.13 Application Note 1(A)(i). Specifically, the commentary to the policy statement provides that the medical conditions which enable eligibility for a reduction are: (1) a terminal

illness (*i.e.,* a serious and advanced illness with an end of life trajectory); (2) a serious physical or medical condition; and (3) deteriorating physical or mental health because of the aging process. *Id.*

The Commentary to § 1B1.13 offers greater clarity to what medical conditions rise to the level of an extraordinary and compelling reason for a reduction of sentence or release:

> (A) Medical Condition of the Defendant.—
>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>> (ii) The defendant is—
>>> (I) suffering from a serious physical or medical condition,
>>> (II) suffering from a serious functional or cognitive impairment, or
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1(A).

Here, Defendant's health concerns do not rise to the level of an extraordinary and compelling reason for release. Defendant's penile-related issues do not amount to the level of a terminal illness. Further, Defendant's Motion indicates that any problems relating to this issue would be "in the short term" and Defendant could repair these issues in the future. Mot. at 1–2. Accordingly, Defendant's Motion does not make clear that Defendant would not be "expected to recover" from any issues he is experiencing. U.S.S.G. § 1B1.13, Application Note 1(A). Moreover, Defendant has submitted no medical documentation relating to his current

incarceration. The Court is therefore without an evidentiary basis for Defendant's assertion that he has not been receiving testosterone treatment or that he is otherwise receiving deficient medical treatment related to this issue.

Additionally, Defendant argues that "other medical conditions" which were part of his application to the warden, but not described in the instant Motion should be considered here. Mot. at 3. This is an apparent reference to Defendant's sleep apnea and depression. Mot. at 10. To the extent these arguments are properly before the Court, the Court finds that these conditions do not rise to the level of extraordinary and compelling. U.S.S.G. § 1B1.13, Application Note 1(A). Further, the Court is without medical evidence of these conditions.

For these reasons discussed above, the Court finds that Defendant has failed to satisfy his burden to demonstrate extraordinary and compelling circumstances warranting release. *Rodriquez-Orejuela*, 457 F. Supp. 3d at 1282; U.S.S.G. § 1B1.13, Application Note 1(A).

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendant's Motion for Compassionate Release Based on 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 43) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this  4th  day of May, 2021.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record

4